Denise M. De Mory  (CA Bar No. 168076)
ddemory@bdiplaw.com
Cliff Win, Jr.  (CA Bar No. 270517)
cwin@bdiplaw.com
BUNSOW DE MORY SMITH & ALLISON LLP
600 Allerton Street, Suite 101
Redwood City, CA  94063
Telephone: 415-426-4747
Facsimile: 415-426-4744

Michael D. Rounds (Nevada Bar No. 4734)
mrounds@watsonrounds.com
WATSON ROUNDS
10000 West Charleston Blvd.
Suite 240
Las Vegas, NV 89135
Telephone: 702-636-4902
Facsimile: 702-636-4904

*Attorneys for Plaintiff*
NXP B.V.

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| NXP B.V., <br><br>            Plaintiff,<br>v.<br><br>NINTENDO CO. LTD.,<br>NINTENDO OF AMERICA, INC.<br><br>            Defendants. | CASE NO.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br><br>**JURY DEMAND** |

Plaintiff NXP B.V. ("NXP") for its complaint against Defendants Nintendo Co. Ltd. ("Nintendo Japan") and Nintendo of America Inc. ("Nintendo USA") (collectively "Nintendo") on personal knowledge as to its own actions and on information and belief as to all others based on its investigation, hereby alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 100, *et seq.* This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1332 and 1338(a).

2. This Court has personal jurisdiction over Nintendo. Nintendo manufactures (directly or indirectly through third party manufacturers) and/or assembles products that are and have been used, offered for sale, sold, and purchased in the District of Nevada. Nintendo also, directly and/or through its distribution network, places electronic products within the stream of commerce, which stream is directed at the District of Nevada, with the knowledge and/or understanding that such products will be sold in this District. Nintendo has purposefully availed itself of the privilege of conducting business activities within the State of Nevada and this District, which activities, upon information and belief, infringe one or more claims of the United States patents owned by NXP, causing injury in the State of Nevada and this District.

3. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c) and 1400(b). Plaintiff believes and based thereon, allege, that Nintendo resides in this judicial district within the meaning of 28 U.S.C. § 1391(c), and further, that Nintendo has committed, contributed to, and/or induced acts of patent infringement in this judicial district and provides goods or services and does business in this judicial district.

4. Some of Nintendo's recent Nevada activities include the following. Nintendo showcased and promoted the Nintendo Wii U in Las Vegas, Nevada. Upon information and belief, at the International Consumer Electronics Show ("CES") 2012 event held in Las Vegas, Nevada on January 8-13, 2012, Nintendo advertised, demonstrated, used, offered to sell, and/or sold its Wii U product. Upon information and belief, several Nintendo executives and employees

attended the CES 2012 event to market and promote the Wii U, including but not limited to Reggie Fils-Aime, President; Cindy Gordon, Vice President of Corporate Affairs; and Scott Moffitt, Executive Vice President of Sales and Marketing.

5. Upon information and belief, Nintendo Wii U products prominently displaying infringing features were also showcased by Nintendo accessory vendors at the CES 2013 event held in Las Vegas, Nevada on January 8-11, 2013.

6. Upon information and belief, Nintendo has established Wii U demonstration kiosks in the recent past at several Las Vegas retail locations for consumers to test the Wii U product. The Nintendo Wii U products are also sold at these and many other retail locations in the Las Vegas area and throughout the State of Nevada.

**PARTIES**

7. Plaintiff NXP is incorporated under the laws of The Netherlands with its principal place of business at High Tech Campus 60, 5656 AG, Eindhoven, The Netherlands.

8. Upon information and belief, Defendant Nintendo Japan is incorporated under the laws of Japan with its principal place of business at 11-1 Kamitoba Hokotate-cho, Minami-ku, Kyoto 601-8501, Japan. Upon further information and belief, the design and development of the infringing Nintendo products at issue, including the Wii U product, occurred at the principal place of business of Nintendo Japan, and such products are imported into the United States.

9. Upon information and belief, Defendant Nintendo USA is a U.S. corporation having its principal place of business at 4600 150th Avenue NE, Redmond, Washington, 98052. Nintendo USA is a wholly owned subsidiary of Nintendo Japan that sells the infringing products, including the Wii U product, in the United States on behalf of Nintendo Japan.

**STATEMENT OF FACTS**

10. United States Patent No. 6,563,882 ("the '882 patent"), titled *Write/Read Device For Communication With Transponders, Having First Coding Means And Second Coding Means*, was duly and lawfully issued May 13, 2003. NXP is the sole owner of all rights, title and interest in the '882 patent. A true and correct copy of the '882 patent is attached as Exhibit 1.

11. United States Patent No. 7,570,716 ("the '716 patent"), titled *Data Carrier Provided With At Least Two Decoding Stages*, was duly and lawfully issued August 4, 2009. NXP is the sole owner of all rights, title and interest in the '716 patent. A true and correct copy of the '716 patent is attached as Exhibit 2.

12. United States Patent No. 8,203,432 ("the '432 patent"), titled *Method Of Reading A Plurality Of Non-Contact Data Carriers, Including An Anti-Collision Scheme*, was duly and lawfully issued June 19, 2012. NXP is the sole owner of all rights, title and interest in the '432 patent. A true and correct copy of the '432 patent is attached as Exhibit 3.

13. United States Patent No. 8,150,316 ("the '316 patent"), titled *Communication Partner Appliance With Automatic Send Mode Activation*, was duly and lawfully issued April 3, 2012. NXP is the sole owner of all rights, title and interest in the '316 patent. A true and correct copy of the '316 patent is attached as Exhibit 4.

14. United States Patent No. 8,249,503 ("the '503 patent"), titled *Communication Partner Appliance With Automatic Send Mode Activation*, was duly and lawfully issued August 21, 2012. NXP is the sole owner of all rights, title and interest in the '503 patent. A true and correct copy of the '503 patent is attached as Exhibit 5.

15. United States Patent No. 6,434,654 ("the '654 patent"), titled *System Bus With A Variable Width Selectivity Configurable At Initialization*, was duly and lawfully issued August 13, 2002. NXP is the sole owner of all rights, title and interest in the '654 patent. A true and correct copy of the '654 patent is attached as Exhibit 6.

**COUNT I**

**(Infringement of the '882 Patent)**

16. NXP incorporates by reference the allegations of Paragraphs 1 through 9 above as if fully set forth herein.

17. Upon information and belief, in violation of 35 U.S.C. § 271, Nintendo is and has been directly infringing, contributing to the infringement of, and/or inducing others to infringe the '882 patent by making, using, selling, and/or offering to sell in the United States, or importing

into the United States, without authority, products or processes that practice the inventions claimed in the '882 patent, including without limitation, Nintendo's Wii U.

18. Upon information and belief, Nintendo has induced the infringement and/or contributed to the infringement of the '882 patent by knowingly and with intent, actively encouraging customers to use Nintendo's infringing products, including without limitation, Nintendo's Wii U, in a manner that constitutes direct infringement of one or more claims of the '882 patent.

19. Upon information and belief, Nintendo intends to continue its unlawful infringing activity related to the '882 patent.

20. Nintendo's acts of infringement have caused damage to NXP, and NXP is entitled to recover from Nintendo the damages sustained by NXP as a result of Nintendo's wrongful acts in an amount subject to proof at trial.

## COUNT II

### (Infringement of the '716 Patent)

21. NXP incorporates by reference the allegations of Paragraphs 1 through 9 above as if fully set forth herein.

22. Upon information and belief, in violation of 35 U.S.C. § 271, Nintendo is and has been directly infringing, contributing to the infringement of, and/or inducing others to infringe the '716 patent by making, using, selling, and/or offering to sell in the United States, or importing into the United States, without authority, products or processes that practice the inventions claimed in the '716 patent, including without limitation, Nintendo's Wii U.

23. Upon information and belief, Nintendo has induced the infringement and/or contributed to the infringement of the '716 patent by knowingly and with intent, actively encouraging customers to use Nintendo's infringing products, including without limitation, Nintendo's Wii U, in a manner that constitutes direct infringement of one or more claims of the '716 patent.

24.     Upon information and belief, Nintendo intends to continue its unlawful infringing activity related to the '716 patent.

25.     Nintendo's acts of infringement have caused damage to NXP, and NXP is entitled to recover from Nintendo the damages sustained by NXP as a result of Nintendo's wrongful acts in an amount subject to proof at trial.

## COUNT III

### (Infringement of the '432 Patent)

26.     NXP incorporates by reference the allegations of Paragraphs 1 through 9 above as if fully set forth herein.

27.     Upon information and belief, in violation of 35 U.S.C. § 271, Nintendo is and has been directly infringing, contributing to the infringement of, and/or inducing others to infringe the '432 patent by making, using, selling, and/or offering to sell in the United States, or importing into the United States, without authority, products or processes that practice the inventions claimed in the '432 patent, including without limitation, Nintendo's Wii U.

28.     Upon information and belief, Nintendo has induced the infringement and/or contributed to the infringement of the '432 patent by knowingly and with intent, actively encouraging customers to use Nintendo's infringing products, including without limitation, Nintendo's Wii U, in a manner that constitutes direct infringement of one or more claims of the '432 patent.

29.     Upon information and belief, Nintendo intends to continue its unlawful infringing activity related to the '432 patent.

30.     Nintendo's acts of infringement have caused damage to NXP, and NXP is entitled to recover from Nintendo the damages sustained by NXP as a result of Nintendo's wrongful acts in an amount subject to proof at trial.

## COUNT IV

### (Infringement of the '316 Patent)

31. NXP incorporates by reference the allegations of Paragraphs 1 through 9 above as if fully set forth herein.

32. Upon information and belief, in violation of 35 U.S.C. § 271, Nintendo is and has been directly infringing, contributing to the infringement of, and/or inducing others to infringe the '316 patent by making, using, selling, and/or offering to sell in the United States, or importing into the United States, without authority, products or processes that practice the inventions claimed in the '316 patent, including without limitation, Nintendo's Wii U.

33. Upon information and belief, Nintendo has induced the infringement and/or contributed to the infringement of the '316 patent by knowingly and with intent, actively encouraging customers to use Nintendo's infringing products, including without limitation, Nintendo's Wii U, in a manner that constitutes direct infringement of one or more claims of the '316 patent.

34. Upon information and belief, Nintendo intends to continue its unlawful infringing activity related to the '316 patent.

35. Nintendo's acts of infringement have caused damage to NXP, and NXP is entitled to recover from Nintendo the damages sustained by NXP as a result of Nintendo's wrongful acts in an amount subject to proof at trial.

## COUNT V

### (Infringement of the '503 Patent)

36. NXP incorporates by reference the allegations of Paragraphs 1 through 9 above as if fully set forth herein.

37. Upon information and belief, in violation of 35 U.S.C. § 271, Nintendo is and has been directly infringing, contributing to the infringement of, and/or inducing others to infringe the '503 patent by making, using, selling, and/or offering to sell in the United States, or importing

into the United States, without authority, products or processes that practice the inventions claimed in the '503 patent, including without limitation, Nintendo's Wii U.

38. Upon information and belief, Nintendo has induced the infringement and/or contributed to the infringement of the '503 patent by knowingly and with intent, actively encouraging customers to use Nintendo's infringing products, including without limitation, Nintendo's Wii U, in a manner that constitutes direct infringement of one or more claims of the '503 patent.

39. Upon information and belief, Nintendo intends to continue its unlawful infringing activity related to the '503 patent.

40. Nintendo's acts of infringement have caused damage to NXP, and NXP is entitled to recover from Nintendo the damages sustained by NXP as a result of Nintendo's wrongful acts in an amount subject to proof at trial.

## COUNT VI
### (Infringement of the '654 Patent)

41. NXP incorporates by reference the allegations of Paragraphs 1 through 9 above as if fully set forth herein.

42. Upon information and belief, in violation of 35 U.S.C. § 271, Nintendo is and has been directly infringing, contributing to the infringement of, and/or inducing others to infringe the '654 patent by making, using, selling, and/or offering to sell in the United States, or importing into the United States, without authority, products or processes that practice the inventions claimed in the '654 patent, including without limitation, Nintendo's Wii U, Wii, 3DS, DSi, DSi XL, as well as Nintendo's SD and SDHC cards.

43. Upon information and belief, Nintendo has induced the infringement and/or contributed to the infringement of the '654 patent by knowingly and with intent, actively encouraging customers to use Nintendo's infringing products, including without limitation, Nintendo's Wii U, Wii, 3DS, DSi, and DSi XL, as well as Nintendo's SD and SDHC cards in a manner that constitutes direct infringement of one or more claims of the '654 patent.

44.     Nintendo had prior notice and knowledge of the '654 patent.  Upon information and belief, Nintendo lacks any justifiable belief that there is no infringement or that the infringed claims are invalid.  Nintendo has had specific knowledge of the '654 patent, as well as documentation of its infringement since December 2012.  Nintendo has therefore acted with objective recklessness in its infringing activity, making Nintendo's infringement of the '654 patent willful.  As a result, NXP is entitled to an award of exemplary damages, attorneys' fees, and costs in bringing this action.

45.     Upon information and belief, Nintendo intends to continue its unlawful infringing activity related to the '654 patent.

46.     Nintendo's acts of infringement have caused damage to NXP, and NXP is entitled to recover from Nintendo the damages sustained by NXP as a result of Nintendo's wrongful acts in an amount subject to proof at trial.

## DAMAGES

47.     As a result of Nintendo's acts of infringement, NXP has suffered and will suffer actual and consequential damages; however, NXP does not yet know the full extent of such infringement and such extent cannot be ascertained except through discovery and special accounting.  To the fullest extent permitted by law, NXP seeks recovery of damages at least for lost profits, reasonable royalties, and other benefits received by Nintendo as a result of using the misappropriated technology.  NXP seeks any other damages to which it would be entitled in law or in equity.

48.     Upon information and belief, Nintendo has willfully infringed at least the '654 patent, which it has had knowledge of since at least July 2012.  As a result, NXP seeks an award of exemplary damages, attorneys' fees, and costs in bringing this action.

## DEMAND FOR JURY TRIAL

49.     NXP respectfully demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**PRAYER FOR RELIEF**

50. WHEREFORE, Plaintiff NXP respectfully prays for judgment against the Defendant for the following:

    A.    Patent infringement;

    B.    Actual economic damages;

    C.    Exemplary treble damages as allowed by law;

    D.    Injunctive relief as allowed by law;

    E.    Attorneys' fees;

    F.    Pre-judgment interest as allowed by law;

    G.    Costs of suit; and

    H.    All other relief in law or in equity to which Plaintiff may show itself justly entitled.

DATED: March 18, 2013    WATSON ROUNDS

By: /s/ *Denise M. De Mory*
Denise M. De Mory, (CA Bar No. 168076)
*(will comply with LR IA 10-2 within seven days)*
Cliff Win, Jr., (CA Bar No. 270517)
*(will comply with LR IA 10-2 within seven days)*
BUNSOW DE MORY SMITH & ALLISON LLP
600 Allerton Street, Suite 101
Redwood City, CA 94063
Telephone: 650-351-7248
Facsimile: 650-351-7253
Email: ddemory@bdiplaw.com
Email: cwin@bdiplaw.com

Michael D. Rounds (Nevada Bar No. 4734)
WATSON ROUNDS
10000 West Charleston Boulevard
Suite 240
Las Vegas, NV 89135
Telephone: 702-636-4902
Facsimile: 702-636-4904
Email: mrounds@watsonrounds.com

*Attorneys for Plaintiff*
NXP B.V.