W. WEST ALLEN
Nevada Bar No. 5566
wallen@lrrlaw.com
LEWIS ROCA ROTHGERBER LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89109
Telephone:  (702) 949-8200
Facsimile:  (702) 949-8398

WILLIAM F. LEE (*pro hac vice admission pending*)
william.lee@wilmerhale.com
DOMINIC E. MASSA (*pro hac vice admission pending*)
dominic.massa@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

JAMES M. DOWD (*pro hac vice admission pending*)
james.dowd@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, California 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400

*Attorneys for Defendants*
Nintendo Co., Ltd., and Nintendo of America Inc.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NXP B.V., | CASE NO. 2:13-cv-00453-MMD-VCF |
| Plaintiff, | |
| v. | **DEFENDANTS' OPPOSITION TO NXP B.V.'S MOTION TO TAKE JURISDICTIONAL DISCOVERY** |
| NINTENDO CO., LTD., and NINTENDO OF AMERICA INC., | |
| Defendants. | |

## I. INTRODUCTION

Defendants Nintendo Co., Ltd. ("NCL"), and Nintendo of America Inc. ("NOA") (collectively, "Nintendo") oppose NXP B.V.'s ("NXP's") motion to take jurisdictional discovery.[1] Jurisdictional discovery is not automatic, and NXP makes no showing that the discovery it seeks (which includes deposing Nintendo's outside counsel and an employee of a non-party) is necessary to support its sole theory of personal jurisdiction in this case: that Nintendo allegedly has directed a "stream of commerce" at Nevada based on three allegations made "upon information and belief": (1) that Nintendo demonstrated a Wii U prototype at the 2012 Consumer Electronics Show ("CES") (Dkt. No. 28, ¶ 4); (2) that unnamed third party "accessory vendors" displayed "Wii U products" at CES 2013 (Dkt. No. 28, ¶ 5); and (3) that unidentified retailers in Nevada set up Wii U "demonstration kiosks" (Dkt. No. 28, ¶ 6). NXP's hunch that there might be jurisdiction is insufficient as a matter of law to support jurisdictional discovery. *Pfister v. Selling Source, LLC*, 2013 WL 1150014, at *5 (D. Nev. Mar. 20, 2013) (holding jurisdiction contentions made "on information and belief" are "plainly insufficient to allow jurisdictional discovery") (citing *Butcher's Union Local No. 498, United Food & Commercial Workers v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986)). To the extent that the Court is nonetheless inclined to grant the parties any jurisdictional discovery, it should be strictly limited to the theory of jurisdiction articulated in NXP's complaint.

## II. BACKGROUND

### A. Jurisdictional Allegations in Amended Complaint

NXP filed its initial complaint on March 18, 2013, (Dkt. No. 1), and its amended complaint on May 23, 2013. (Dkt. No. 28 ("Amended Complaint").) The Amended Complaint asserts five patents and accuses Nintendo's Wii U product of infringement, but does not state how

---

[1] NXP's motion also sought an extension of the period for NXP to file oppositions to Nintendo's pending motions pursuant to Rule 12(b)(1), Rule 12(b)(6) and 28 U.S.C. § 1404(a) (collectively, "Nintendo's Motions"). (Dkt. No. 37.) The Court granted NXP's extension request on August 30, 2013 before Nintendo had an opportunity to file a response to NXP's request. As explained in Nintendo's motion to stay, also filed today, NXP's request was unnecessary because the parties had already agreed to *a proposal by NXP* that would have extended the briefing schedule and stayed the Rule 26(f) conference until completion of briefing on Nintendo's motions.

Lewis Roca Rothgerber LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

or why. (*See*, *e.g.*, Dkt. No. 28, ¶ 16.) Similarly, the Amended Complaint consistently refers to "Nintendo" generally, thereby failing to identify which entity, NCL or NOA, is the subject of its allegations. Although the Amended Complaint fails to describe the claimed technology or the alleged infringing activity, the NXP's patents themselves purport to relate to certain aspects of a wireless technology called Near Field Communications ("NFC").

With respect to jurisdiction, the Amended Complaint recites the following:

> This Court has personal jurisdiction over Nintendo. Nintendo manufactures (directly or indirectly through third party manufacturers) and/or assembles products that are and have been used, offered for sale, sold, and purchased in the District of Nevada. Nintendo also, directly and/or through its distribution network, places electronic products within the stream of commerce, which stream is directed at the District of Nevada, with the knowledge and/or understanding that such products will be sold in this District. Nintendo has purposefully availed itself of the privilege of conducting business activities within the State of Nevada and this District, which activities, upon information and belief, infringe one or more claims of the United States patents owned by NXP, causing injury in the State of Nevada and this District.

(Dkt. No. 28, ¶ 2.)

In support of this boilerplate jurisdiction recital, the Amended Complaint contains just three alleged "facts"—all made "upon information and belief"—purporting to establish a "stream of commerce" that "Nintendo" allegedly directs towards Nevada. First, it alleges that a prototype of the Wii U was displayed at CES in 2012. (Dkt. No. 28, ¶ 4.) Second, it alleges that unnamed third party "accessory vendors" displayed Wii U products at CES 2013. (Dkt. No. 28, ¶ 5.) Third, it alleges that the Wii U was available at unidentified locations by unidentified retailers in Nevada. (Dkt. No. 28, ¶ 6.)

**B.     NCL and NOA Move to Dismiss for Lack of Personal Jurisdiction**

On August 12, 2013, NCL and NOA moved to dismiss NXP's First Amended Complaint for lack of personal jurisdiction or, in the alternative, transfer the case to the Northern District of California. (Dkt. No. 34 ("Nintendo's Jurisdictional Motion").)[2]  With respect to the question of

---

[2]    NCL and NOA also moved to dismiss NXP's First Amended Complaint for failure to state

Lewis Roca Rothgerber LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

personal jurisdiction, the motion explains: (1) the Amended Complaint fails to allege the "continuous and systematic" contacts with Nevada required for general jurisdiction, (Dkt. No. 34 at 9-11); and (2) NXP's "stream of commerce" allegations fail to establish specific jurisdiction. (Dkt. No. 34 at 11-17.)

Four declarations were submitted in support of Nintendo's Jurisdictional Motion, one each from: (1) James M. Dowd, an attorney at WilmerHale LLP and outside counsel for Nintendo in this action (Dkt. No. 34-2); (2) Rahul Patel, Vice President of Product Marketing at Broadcom Corporation, a non-party to this litigation (Dkt. No. 34-4); (3) Toshiro Hibino, Deputy General Manager in the Intellectual Property Department at Nintendo Co., Ltd. (Dkt. No. 34-1); and (4) Nicolas Chavez, Director, Consumer Marketing for Nintendo of America Inc. (Dkt. No. 34-3). Of the four declarations, neither Mr. Dowd's or Mr. Patel's declaration were cited in the portions of Nintendo's motion addressing jurisdictional issues. (*See* Dkt. No. 34 at 9-17.) Instead, those declarations were cited only in the portions of Nintendo's motion addressing venue under 28 U.S.C. § 1404(a). (See Dkt. No. 34 at 17-24.)

## III. ARGUMENT

### A. NXP Has Not Established That Jurisdictional Discovery is Necessary

Jurisdictional discovery is not automatic. NXP must make a specific showing that "pertinent facts bearing on the question of jurisdiction are controverted" or that "a more satisfactory showing of the facts is necessary." *Data Disc, Inc. v. Systems Tech. Assoc., Inc.,* 557 F.2d 1280, 1285 n.1 (9th Cir. 1997); *see also Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (the mere "hunch" that discovery "might yield jurisdictionally relevant facts" is "insufficient"). NXP's motion does not identify any controverted facts. Instead, NXP's stated reason for seeking jurisdictional discovery is that Nintendo's motion "relies on four factual declarations." (Dkt. No. 37 at 3.) This assertion is both inaccurate and fails to meet the 9th Circuit's test articulated in *Data Disc* and *Boshetto*.

As an initial matter, NXP's characterization of Nintendo's motion is not correct.

a claim. (*See* Dkt. No. 35 ("Nintendo's Rule 12(b)(6) Motion").).

Lewis Roca Rothgerber LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

-3-
DEFENDANTS' OPPOSITION TO NXP B.V.'S MOTION TO TAKE JURISDICTIONAL DISCOVERY

Nintendo's motion rests principally on *publicly-available* information that NXP could have, and should have, uncovered long ago had it engaged in the reasonably diligent pre-suit investigation it was required to conduct.  (Dkt. No. 34 at 9-11 (explaining that Nintendo did not employ any NFC technology (the subject of NXP's patents) at CES in 2012 and that, as of the complaint, no NFC-enabled games had been sold in the United States, let alone in Nevada).)  Had NXP actually conducted that required pre-suit investigation (and not relied "upon information and belief"), it could not have averred that Nintendo "prominently display[ed] infringing features" at CES events. (Dkt. No. 28, ¶ 5.)  Instead, NXP's chose to rest each of its jurisdictional allegations "upon information and belief," which the Ninth Circuit and courts in this District have repeatedly rejected as insufficient to permit jurisdictional discovery.  *See Pfister v. Selling Source, LLC*, 2013 WL 1150014, at *5 (D. Nev. Mar. 20, 2013) (holding allegations of personal jurisdiction made "on information and belief" are "plainly insufficient to allow jurisdictional discovery") (citing *Butcher's Union Local No. 498, United Food & Commercial Workers v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986)); *see also Boschetto*, 539 F.3d at 1020 (same); *Terracom v. Valley Nat. Bank,* 49 F.3d 555, 562 (9th Cir. 1995) ("where a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants, the Court need not permit even limited  discovery" (internal quotations and citations omitted)).

Further, the mere fact that Nintendo submitted declarations in support of its motion cannot justify jurisdictional discovery.  *See id.*; *see also E.I. Du Pont de Nemours & Co. v. Heraeus Holding GmbH*, 2012 WL 4511258, at *11 n.10 (D. Del. Sept. 28, 2012) (holding the mere submission of affidavits in support of a challenge to personal jurisdiction does not "entitle[] Plaintiff to take jurisdictional discovery").  To justify jurisdictional discovery, rather, NXP was required to come forward with evidence that gives *its* jurisdictional allegations a basis in fact – something it failed to do.  *Boschetto*, 539 F.3d at 1020; *Pfister*, 2013 WL 1150014, at *5; *Grasshopper House, LLC v. Accelerated Recovery Centers, LLC*, 2009 WL 3335874, at *3 (D. Or. 2009) ("It is not sufficient for a plaintiff to merely state his belief that discovery will enable them to demonstrate minimum contacts for personal jurisdiction." (citing *Butcher's Union*, 788 F.2d at

540)); *Azco BioTech Inc. v. Qiagen, N.V.*, 2013 WL 4500782, at * 8 (S.D. Cal. 2013) ("The Court will not subject a foreign entity to jurisdictional discovery 'based on little more than a hunch that it might yield jurisdictionally relevant facts.'" (quoting *Boshetto*, 539 F.3d at 1020)); *Cascade Yarns, Inc. v. Knitting Fever, Inc.*, 2011 WL 2470671 at *5 (W.D. Wash. 2011) (same).

### B. NXP Seeks Discovery Irrelevant to the Jurisdictional Questions at Issue.

Before filing this motion, NXP never once met or conferred with Nintendo regarding the discovery it now seeks.[3] And instead of being tailored to the jurisdictional questions at issue, NXP instead appears to contemplate more general discovery, including the commercial relationship between Broadcom and Nintendo. NXP's request is improper.

*First*, NXP's theory of personal jurisdiction depends on the narrow "information and belief" allegations that Nintendo displayed a Wii U prototype at CES 2012 and that third-parties set up Wii U kiosks or showed product at CES 2013. According to NXP, these alleged facts somehow constitute a "stream of commerce" that Nintendo directed to Nevada. But rather than tailor its discovery request to that specific jurisdictional issue, NXP seeks authorization "to conduct depositions" of four declarants and "to seek production of the correspondence and any agreement(s) between Nintendo and Broadcom that is at the core of Nintendo's motions." NXP makes no showing of why it needs to depose any of the declarants—let alone all four of them. Indeed, the declarations are mainly directed to *venue* analysis under 28 U.S.C. § 1404(a); not to the "facts" alleged "upon information and belief" to form the basis of NXP's "stream of commerce" theory. (*See e.g.* Dkt. No. 34-1 (Hibino Declaration), ¶¶ 1-7, 10-13; Dkt. No. 34-2 (Dowd Declaration), ¶¶ 1-16; Dkt. No. 34-3 (Chavez Declaration), ¶¶ 1-5, 12-16; Dkt. No. 34-4 (Patel Declaration), ¶¶ 1-9.)

As an example, one of the four declarants whom NXP apparently wants to depose is one of

---

[3] L.R. 26-7 expressly required NXP to meet and confer with Nintendo before making its jurisdictional discovery request: "Discovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have been unable to resolve the matter without Court action." NXP failed to include such a certification because it could not do so, having unilaterally cut off the meet and confer process to its motion before ever reaching any specific request for discovery.

Nintendo's outside trial counsel—James M. Dowd.  Deposing an attorney for an opposing party is "disfavored" because it "lowers the standards of the profession," "adds to the already burdensome time and costs of litigation," and "has a 'chilling effect' on attorney-client representations." *Couturier v. American Invsco Corp.*, C.A. No. 2:12-01104-APG-NJK, 2013 WL 4499008, at *1 (D. Nev. Aug. 20, 2013) (quoting *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986).  Mr. Dowd's declaration is a standard attorney declaration attaching documents that support the convenience factors in aid of the Court's venue analysis under 28 U.S.C. § 1404(a).  (*See e.g.* Dkt. No. 34-2, ¶ 3 (attaching an excerpt of the Form 20-F of NXP's parent company), ¶ 4 (attaching a flight schedule of nonstop service to Osaka, Japan), ¶ 8 (attaching a copy of the file history of one of the patents-in-suit).)  NXP does not explain why it needs to depose Mr. Dowd.  Nor does NXP identify any relevant, non-privileged facts it expects Mr. Dowd to have about the "stream of commerce" allegations in NXP's Amended Complaint (about which Mr. Dowd's declaration says nothing).  *See Couturier*, 2013 WL 4499008, at **1-3 (quashing deposition subpoena that failed to establish that the sought after information was "both relevant and non-privileged" and that "no other means exist[ed] to obtain the information sought").

As another example, NXP apparently wants to depose Rahul Patel, a Vice President of Product Marketing at Broadcom.  But Broadcom is not a party to this litigation, and NXP's complaint ***never once mentions Broadcom at all***, let alone identifies Broadcom as part of its "stream of commerce" jurisdictional theory.  As importantly, Mr. Patel's declaration provides information solely related to the question of venue—such as the locations of Broadcom's engineers and documents.  (*See* Dkt. No. 34-4, ¶¶ 5-9.)  NXP's motion fails to connect any of these venue facts to its "stream of commerce" theory.  Nor can it, as it is difficult to imagine any information a ***Broadcom*** employee would have concerning ***Nintendo's*** alleged connection to Nevada.

The remaining two declarations provide no greater basis for discovery.  All but two sentences of Toshiro Hibino's declaration are devoted to venue considerations relevant to NCL.  (*See* Dkt. No. 34-1 at ¶¶ 2-4 (explaining that all of NCL's employees are located in Japan and are responsible for development of the Wii U); ¶ 5 (explaining that all research, development, and

testing for the Wii U is performed in Japan); *id.* (explaining that the Wii U is manufactured in Asia); ¶ 6 (explaining that documents related to the business activities of NCL are located in Japan); ¶¶ 10-13 (explaining that the Northern District of California is a more convenient venue than the District of Nevada).)  The remaining two sentences state publicly available information that NXP should have known had it performed a reasonably diligent investigation before suing NCL in Nevada.  (Dkt. No. 34-1, ¶ 9 ("NCL did not attend CES in 2012 or 2013, and thus did not display the Wii U there."); *id.* ("NCL has also not displayed the Wii U at a 'demonstration kiosk' in Nevada.").  The majority of Nicolas Chavez's declaration is similarly devoted to venue considerations relevant to NOA.  (Dkt. No. 34-3, ¶¶ 1-5, 12-16.)  And the remainder (*e.g.*, ¶ 11 ("[a]s of the time NXP filed its Complaint, no NFC-capable game or other application for the Wii U had been sold in the United States")) states public information that NXP knew (or should have known) before suing NOA in Nevada (such as by purchasing a Wii U and trying to use any alleged NFC functionality).  In short, none of the declarations NXP cites justifies jurisdictional discovery in this case.

*Second*, NXP has not established that it is entitled to the document production it requests.  There are no "correspondence" or "agreements" between Nintendo and Broadcom mentioned anywhere in Nintendo's Jurisdictional Motion.  Instead, NXP appears to be using a request for jurisdictional discovery as a pretext to take broader discovery about the commercial relationship between Nintendo and one of its component suppliers.  But the relationship between Nintendo and Broadcom has nothing to do with the "stream of commerce" theory NXP alleged in its Amended Complaint – which never once mentions Broadcom at all.

In short, because NXP has not established that it is entitled to the discovery it seeks, NXP's request for jurisdictional discovery should be denied.  To the extent that the Court is nevertheless inclined to permit any limited jurisdictional discovery, Nintendo respectfully submits that it should be strictly limited to the three assertions that form the basis of NXP's "stream of commerce" theory, *i.e.*, (1) that Nintendo demonstrated a Wii U prototype at the 2012 CES event (Dkt. No. 28, ¶ 4); (2) that unnamed third party "accessory vendors" displayed Wii U products at CES 2013 (Dkt. No. 28, ¶ 5); and (3) that unidentified third party retailers in Nevada set up Wii U

demonstration kiosks (Dkt. No. 28, ¶ 6), to be completed before NXP's deadline to file its opposition brief.

## IV.  CONCLUSION

For the foregoing reasons, Nintendo respectfully requests that the Court deny NXP's motion. In the alternative, should the Court be inclined to permit the parties to take limited jurisdictional discovery, Nintendo respectfully requests that it be limited as outlined above.

Dated:  September 6, 2013                              Respectfully submitted:

*/s/ W. West Allen*
W. West Allen (Nevada Bar No. 5566)
wallen@lrrlaw.com
LEWIS ROCA ROTHGERBER LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89109
Telephone:  (702) 949-8200
Facsimile:  (702) 949-8398

William F. Lee (*pro hac vice admission pending*)
william.lee@wilmerhale.com
Dominic E. Massa (*pro hac vice admission pending*)
dominic.massa@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

James M. Dowd (*pro hac vice admission pending*)
james.dowd@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, California 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400

*Attorneys for Defendants*
*Nintendo Co., Ltd., and Nintendo of America Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2013, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing on the CM/ECF registrants.

                                              s/ *Judy Estrada*
                                              An Employee of Lewis Roca Rothgerber LLP