1  W. WEST ALLEN
   Nevada Bar No. 5566
2  wallen@lrrlaw.com
   LEWIS ROCA ROTHGERBER LLP
3  3993 Howard Hughes Parkway, Suite 600
   Las Vegas, Nevada  89109
4  Telephone:  (702) 949-8200
   Facsimile:  (702) 949-8398
5
6  WILLIAM F. LEE (*pro hac vice admission pending*)
   william.lee@wilmerhale.com
7  DOMINIC E. MASSA (*pro hac vice admission pending*)
   dominic.massa@wilmerhale.com
8  WILMER CUTLER PICKERING
      HALE AND DORR LLP
9  60 State Street
   Boston, MA 02109
10 Telephone: (617) 526-6000
   Facsimile: (617) 526-5000
11
12 JAMES M. DOWD (*pro hac vice admission pending*)
   james.dowd@wilmerhale.com
   WILMER CUTLER PICKERING
13    HALE AND DORR LLP
   350 South Grand Avenue, Suite 2100
14 Los Angeles, California 90071
   Telephone: (213) 443-5300
15 Facsimile: (213) 443-5400

16 *Attorneys for Defendants*
   Nintendo Co., Ltd., and Nintendo of America Inc.

17

18                **UNITED STATES DISTRICT COURT**

19                    **DISTRICT OF NEVADA**

20  NXP B.V.,                          CASE NO. 2:13-cv-00453-MMD-VCF

21              Plaintiff,

22  v.                                 **DEFENDANTS' MOTION TO STAY
                                       DISCOVERY PROCEEDINGS PENDING
23  NINTENDO CO., LTD., and            DETERMINATION ON DISPOSITIVE
    NINTENDO OF AMERICA INC.,          MOTION
24
25              Defendants.

26

27  Lewis Roca Rothgerber LLP
    3993 Howard Hughes Parkway
    Suite 600
    Las Vegas, Nevada  89169
28  DEFENDANTS' MOTION TO STAY DISCOVERY PROCEEDINGS PENDING DETERMINATION ON DISPOSITIVE MOTION

Defendants Nintendo Co., Ltd. ("NCL") and Nintendo of America Inc. ("NOA") (collectively, "Nintendo") respectfully move the Court for an order staying the discovery proceedings in the above-captioned litigation until the Court rules on Nintendo's pending Motion to Dismiss NXP's First Amended Complaint or, in the Alternative, Transfer to the Northern District of California (Dkt. No. 34) ("motion to dismiss").

## I.       FACTUAL BACKGROUND

On March 18, 2013, Plaintiff NXP B.V. ("NXP") initiated this litigation by filing its Complaint for Patent Infringement (Dkt. No. 1) ("Original Complaint").  On May 23, 2013, NXP filed its First Amended Complaint for Patent Infringement (Dkt. No. 28) ("Amended Complaint"). NXP's Amended Complaint alleges that Nintendo directly and indirectly infringes five asserted patents:  United States Patent Nos. 6,563,882; 7,570,716; 8,203,432; 8,150,316; and 8,249,503.

On August 13, 2013, and pursuant to stipulation and order (*see* Dkt. No. 33), Nintendo responded by filing its motion to dismiss.[1]  The motion presents a case-dispositive issue for which no additional discovery is necessary, *i.e.* whether the Court has personal jurisdiction over either NCL or NOA.  Specifically, Nintendo's motion to dismiss demonstrates that Nevada lacks general or specific jurisdiction over either NCL or NOA.[2]  As set forth in detail in the motion, neither NCL nor NOA is domiciled in Nevada, and neither has any continuous or systematic contacts with Nevada that would support the exercise of general jurisdiction here.  Dkt. No. 34 at 8:18-9:6. Furthermore, Nevada cannot exercise specific jurisdiction over NCL or NOA because:  (1) NXP fails to plead any facts demonstrating that either company committed any acts of patent infringement in Nevada; (2) NXP fails to plead any facts demonstrating that either company purposefully directed any allegedly infringing products or activities at residents of Nevada; and (3) exercising personal jurisdiction over NCL or NOA in Nevada would offend traditional notions of fair play and substantial justice.  *Id.* at 9:7-15:8.

---

[1] Nintendo also simultaneously filed a Motion to Dismiss First Amended Complaint for Failure to State a Claim (Dkt. No. 35).
[2] As described more fully in the motion to dismiss, the relevant facts differ somewhat with respect to NCL and NOA, but the ultimate conclusions based on those facts are the same:  neither Nintendo entity is subject to personal jurisdiction in Nevada.

Lewis Roca Rothgerber LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

-1-

On August 26, 2013, Nintendo and NXP reached a verbal agreement to stay all discovery until the motion to dismiss was resolved, in exchange for permitting NXP an additional 30 days to respond to the motion.  Declaration of James M. Dowd ("Dowd Decl.") at ¶¶ 2-3.  Based upon this verbal agreement, Nintendo prepared a draft stipulation that it provided to NXP for review later that same day.  *Id.* at ¶ 3 and Ex. 1.  However, on August 27, 2013, NXP reneged on the parties' agreement, acknowledging that NXP was doing a "complete 180" from its position the prior day.  *Id.* at ¶ 4.  On August 29, the parties again reached agreement to stay the Rule 26(f) process in exchange for a 30-day extension of NXP's opposition.  *Id.* at ¶ 5.  But that evening, and without prior warning to Nintendo, NXP unilaterally moved for an extension and for jurisdictional discovery in derogation of the parties' agreement.  *Id.* at ¶ 6.  Never once in this process did NXP identify any specific discovery that it contended it needed from either NCL or NOA.  *Id.* at ¶ 7.

Nintendo brings this motion to avoid the prejudice of being subjected to discovery in a forum with which it has no "minimum contacts" and to obtain the stay to which NXP originally agreed.

## II.   LEGAL STANDARD

Discovery is commonly stayed pending the outcome of a potentially dispositive motion to dismiss, including motions to dismiss for lack of personal jurisdiction.  *Stellia Ltd. v. BS Card Serv. GmbH*, 2:12-CV-01099-GMN, 2013 WL 1195709, *3 (D. Nev. Mar. 22, 2013); *see also Rutman Wine Co. v. E.&J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("The purpose of F.R.Civ.P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery."); *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 502 (D. Nev. 2013); *Tradebay v. eBay*, 278 F.R.D. 597, 601 (D. Nev. 2011).  Courts apply a two-part test to determine whether a stay is appropriate:  the pending motion must be (1) potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought; and (2) capable of being decided without additional discovery.  *Rizzolo v. Henry*, Case No. 2:12-cv-02043-APG-VCF, 2013 WL 1890665 at *4 (D. Nev. May 3, 2013) (citing *Mlenjnecky v. Olympus Imaging America, Inc.*, Case No. 2:10-cv-02630-JAM-KJN, 2011

Lewis Roca Rothgerber LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

1   WL 489743 at *6 (E.D. Cal. Feb. 7, 2011)).  "In applying this two-factor test, the court deciding

2   the motion to stay must take a 'preliminary peek' at the merits of the pending dispositive motion

3   to assess whether a stay is warranted.  If the party moving to stay satisfies both prongs, a

4   protective order may issue" staying discovery.  *Id.* (internal citations omitted).

5   **III.   ARGUMENT**

6           **A.      Nintendo's Pending Motion To Dismiss Is Dispositive Of The Entire Case.**

7           Nintendo's pending motion to dismiss indisputably meets the first part of the test.  It

8   demonstrates that Nevada lacks jurisdiction over either NCL or NOA.  If granted (as Nintendo

9   believes it must be), the motion is dispositive of the entire case.  Courts regularly stay discovery

10  under the circumstances Nintendo's motion presents.  *See, e.g., Stellia*, 2013 WL 1195709 at *3,

11  *6 (staying all discovery pending determination on motion to dismiss for lack of personal

12  jurisdiction); *Liberty Media Holdings, LLC v. Letyagin*, 2:12-CV-00923-LRH, 2012 WL 3135671,

13  *5-*6 (D. Nev. Aug. 1, 2012) (staying discovery pending determination on motion to dismiss for

14  lack of personal jurisdiction, and permitting only limited discovery related to identities of other

15  defendants).

16          A "preliminary peek" at Nintendo's motion to dismiss shows that it should be granted on

17  the merits.  *Rizzolo*, 2013 WL 1890665 at *4.  As the motion demonstrates, NXP's Amended

18  Complaint fails to plead general jurisdiction.  Dkt. No. 34 at 8:18-9:6.  This basis for jurisdiction

19  is thus foreclosed.

20          NXP's Amended Complaint also fails as a matter of law to meet any part of the Federal

21  Circuit's three-part test for specific jurisdiction.  *Nuance Communc'ns, Inc. v. Abbyy Software*

22  *House*, 626 F.3d 1222, 1231 (Fed. Cir. 2010) ("(1) whether the defendant purposefully directed

23  activities at residents of the forum; (2) whether the claim arises out of or relates to those activities;

24  and (3) whether assertion of personal jurisdiction is reasonable and fair.").  (Dkt No. 34 at 9:7-

25  15:8.)  To avoid repetition of each of the three factors in this brief, Nintendo incorporates that

26  portion of its motion to dismiss by reference here.  (*See id.*)  Nintendo will focus here on NXP's

27  failure to plead facts that could have resulted in any act of infringement in the State of Nevada.

1    (*See id.* at 10:3-11:18.)

2         Specifically, NXP's Amended Complaint alleges "upon information and belief" that

3    "Nintendo" presented a prototype of the accused Wii U product at the International Consumer

4    Electronics Show ("CES") held in Las Vegas in January 2012.  (Dkt. No. 28 at ¶ 4.)  A key failure

5    of NXP's Amended Complaint, however, is that it fails to allege that this Wii U prototype was

6    capable of practicing the NFC technology that is the subject of NXP's asserted patent claims.  (*Id.*;

7    *see also* Nintendo's Motion to Dismiss, Dkt. No. 34 at 10:11-23.)  NXP could not (and cannot)

8    make that allegation because this prototype contained ***no NFC module*** at all.  (Dkt. No. 34 at

9    10:18-19; Dkt. No. 34-3 at ¶ 9).  NXP's allegations about CES 2012 are thus incapable of

10   conferring jurisdiction over this patent dispute.  *AFTG-TG, LLC v. Nuvoton Tech. Corp*, 689 F.3d

11   1358, 1360-61 (Fed. Cir. 2012); *Grober v. Mako Products, Inc.*, 686 F.3d 1335, 1347 (Fed. Cir.

12   2012) (rejecting jurisdiction where plaintiff "could not establish that [defendant] Oppenheimer has

13   operated or rented the [accused] MakoHead [product] in California").

14        Similarly, NXP's Amended Complaint alleges "upon information and belief" that

15   consumers could "test" the accused Wii U product at "kiosks" set up at certain unidentified "retail

16   locations" in Las Vegas.  (Dkt. No. 28 at ¶ 6.)  Once again, however, NXP fails to allege that any

17   Las Vegas retailer's Wii U kiosk was capable of NFC.  (*Id.*; *see also* Nintendo's Motion to

18   Dismiss, Dkt. No. 34 at 11:1-9.)  None could have been, because the Wii Us available in the

19   United States lacked firmware required for NFC functionality at the time of the Amended

20   Complaint.  NXP's retailer kiosk allegations are thus incapable of conferring jurisdiction.  *AFTG-

21   TG*, 689 F.3d at 1360-61; *Grober* 686 F.3d at 1347.  Moreover, because NXP also fails to allege

22   that either NCL or NOA set up such kiosks (and neither did), these supposed "contacts" cannot be

23   attributed to either defendant.  (Dkt. No. 34 at 11:1-9.)  *Hanson v. Denckla*, 375 U.S. 235, 253

24   (1958) ("The unilateral activity of those who claim some relationship with a nonresident defendant

25   cannot satisfy the requirement of contact with the forum State.").[3]

26        In short, NXP's Amended Complaint fails to plead a connection among NCL and NOA,

Lewis Roca Rothgerber LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

27

28

---

[3] The Amended Complaint's allegation that unidentified third-party "accessory vendors" displayed a Wii U at CES 2013 (*see* Dkt. No. 28 at ¶ 5) fails for the same reason.  *Hanson*, 375 U.S. at 253.

-4-

NXP's patent infringement claims, and the State of Nevada.  Nintendo's motion to dismiss is thus meritorious and should be granted—a case dispositive outcome.

**B.    Nintendo's Motion To Dismiss Is Capable Of Resolution Without Discovery.**

Beyond being merely case dispositive, Nintendo's motion to dismiss can readily be decided without additional discovery.

**1.    Discovery On Matters Other Than Jurisdiction Is Unwarranted.**

There should be no dispute that discovery on matters other than the question of jurisdiction is wholly unwarranted, including discovery into matters of infringement contentions under LR 16.1-6, invalidity contentions under LR 16.1-8, or more general discovery directed toward Nintendo component suppliers or other third-parties.  Accordingly, and at a minimum, all discovery other than jurisdictional discovery should be stayed pending resolution of Nintendo's motion to dismiss.

**2.    Jurisdictional Discovery Is Unjustified.**

Jurisdictional discovery is also wholly unnecessary to resolve Nintendo's motion.  As set forth in Defendants' Opposition to NXP B.V.'s Motion To Take Jurisdictional Discovery ("Opposition"), filed together with this motion, jurisdictional discovery is far from automatic. (Opposition at 3-6.)  Instead, NXP must make a specific showing that "pertinent facts bearing on the question of jurisdiction are controverted" or that "a more satisfactory showing of the facts is necessary."  *Data Disc, Inc. v. Systems Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 n.1 (9th Cir. 1997); *see also Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (the mere "hunch that [discovery] might yield jurisdictionally relevant facts" is "insufficient").  Instead of identifying an evidentiary basis to controvert any jurisdictional fact, however, NXP's stated reason for seeking jurisdictional discovery is that Nintendo's motion to dismiss "relies on four factual declarations." (Dkt. No. 37 at 3.)  This assertion is neither accurate, nor sufficient to meet the Ninth Circuit's test articulated in *Data Disc* and *Boshetto*.

NXP's jurisdictional discovery argument is inaccurate in two respects.  First, two out of the four declarations NXP cites (the declarations of James M. Dowd and Rahul Patel) relate solely

to venue analysis under 28 U.S.C. § 1404(a), and the bulk of the remainder is similarly venue oriented.  Venue declarations cannot justify jurisdictional discovery.  Second, Nintendo's motion to dismiss rests on ***publicly-available*** information that NXP could have, and should have, uncovered long ago had it engaged in the reasonably diligent pre-suit investigation that it was required to conduct.  (Dkt No. 34 at 9-11 (explaining that NFC capability has not been available in Wii Us in the United States; neither at CES 2012 nor at Las Vegas kiosks).)  Had NXP conducted the pre-suit investigation the rules require, instead of relying "upon information and belief" for every one of its jurisdictional "facts," it could not have alleged that "Nintendo" "prominently display[ed] infringing features" at CES events.  (Dkt. No. 28, ¶ 5.)

More importantly, NXP's jurisdictional discovery argument fails to pass muster under the precedent of the Ninth Circuit and the courts of this District.  Jurisdiction pled "upon information and belief," as NXP pleads here, is "plainly insufficient to allow jurisdictional discovery."  *Pfister v. Selling Source, LLC*, 2013 WL 1150014, at *5 (D. Nev. Mar. 20, 2013) (citing *Butcher's Union Local No. 498, United Food & Commercial Workers v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986)); *see also Boschetto*, 539 F.3d at 1020 (same); *Terracom v. Valley Nat. Bank,* 49 F.3d 555, 562 (9th Cir. 1995) ("where a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants, the Court need not permit even limited  discovery" (internal quotations and citations omitted)). Instead, to justify jurisdictional discovery, NXP must come forward with evidence that gives its jurisdictional allegations a basis in fact.  *Boschetto*, 539 F.3d at 1020; *Pfister*, 2013 WL 1150014, at *5; *Grasshopper House, LLC v. Accelerated Recovery Centers, LLC*, 2009 WL 3335874, at *3 (D. Or. 2009) ("It is not sufficient for a plaintiff to merely state his belief that discovery will enable them to demonstrate minimum contacts for personal jurisdiction." (citing *Butcher's Union*, 788 F.2d at 540)); *Azco BioTech Inc. v. Qiagen, N.V.*, 2013 WL 4500782, at * 8 (S.D. Cal. 2013) ("The Court will not subject a foreign entity to jurisdictional discovery 'based on little more than a hunch that it might yield jurisdictionally relevant facts.'" (quoting *Boshetto*, 539 F.3d at 1020)); *Cascade Yarns, Inc. v. Knitting Fever, Inc.*, 2011 WL 2470671 at *5 (W.D. Wash. 2011) (same).

1    NXP has not met, and cannot meet, this standard.

2         NXP should not be permitted to plead-first, and ask-questions-later.  It was incumbent

3    upon NXP to make a good faith investigation *before* suing NCL and NOA in a forum with which

4    neither has any connection.  Under Rule 11, NXP must conduct a reasonable inquiry that

5    establishes factual evidentiary support for the conclusion of personal jurisdiction pled in its First

6    Amended Complaint.  It is apparent that NXP did not make such an investigation.  This conduct

7    should not be rewarded by subjecting NCL and NOA to onerous discovery that (in the end) will

8    not advance NXP's case.

9         **C.    Nintendo's Interests In Staying The Case Outweigh NXP's Interests In
              Proceeding With The Case And Discovery.**

10        In addition to the two primary factors above, courts sometimes balance the parties'

11   competing interests in determining whether to stay discovery.  *See, e.g., Puckett v. Schnog*, Case

12   No. 2:12-cv-01958-GMN-NJK, 2013 WL 1874754 at *3 (D. Nev. May 3, 2013) (citing *Landis v.*

13   *N. Am. Co.*, 299 U.S. 248, 254-55 (1934)).  Those interests can include "the possible damage

14   which may result from the granting of a stay, the hardship or inequity which a party may suffer in

15   being required to go forward, and the orderly course of justice measured in terms of the

16   simplifying or complicating of issues, proof, and questions of law which could be expected to

17   result from a stay."  *Puckett*, 2013 WL 1874754 at *3 (quoting *Lockyer v. Mirant Corp.*, 398 F.3d

18   1098, 1110 (9th Cir. 2005)).  Courts may also consider the directive of Fed. R. Civ. P. 1 to secure

19   a "just, speedy, and inexpensive determination of every action and proceeding."  *See Ministerio*,

20   288 F.R.D. at 504.  The balance of interests in this case clearly favors staying discovery.

21        *First*, the case is at a very early stage.  Staying the proceedings pending resolution of

22   Nintendo's motion to dismiss stands to avoid the burdens and costs to the Court and parties

23   associated with conducting a Rule 26(f) conference, establishing a discovery plan and case

24   schedule, preparing detailed patent disclosures required under Local Rule 16.1, and pursuing

25   costly and time-consuming discovery efforts.  The investments of time and money these activities

26   require would be wasted if Nintendo's motion to dismiss is ultimately granted.

27        For its part, NXP has demonstrated no hurry to get on with this case.  NXP waited until

just days before Nintendo's answer to its Original Complaint was due before filing an Amended Complaint, dropping a patent that never should have been asserted in the first place. This action reset the clock on Nintendo's responsive pleading. NXP then offered Nintendo an unsolicited 60-day extension of time to respond to the Amended Complaint, ostensibly to allow the parties to discuss the case. Then, upon receiving Nintendo's motion to dismiss, NXP at first agreed on August 26, 2013 to exchange a 30-day extension of its opposition for a stay of all proceedings in the case until the motion to dismiss was resolved. Dowd Decl. at ¶¶ 2-3 and Ex. 1. Although NXP did a "complete 180" on this agreement the next day (*id.* at ¶ 4), it nonetheless sought and obtained a further 46-day extension on its opposition. (Dkt. Nos. 37 and 38.) NXP's consistent delay undermines any suggestion of urgency in this case. And to the extent NXP merely hopes by its delay to force NCL and NOA to proceed to Rule 26(f), LR 16-1, and LR 16.1 deadlines in a forum where they have no "minimum contacts," such tactics both offend traditional notions of fair play and substantial justice and unduly prejudice Nintendo. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Asahi Metal Industry Co., Ltd. v. Superior Court*, 480 U.S. 102, 108-09 (1987).

*Second*, the stay contemplated by this motion would likely be short. Nintendo's motion to dismiss is straightforward and potentially dispositive. When compared to the overall length of time it will likely take to bring this five-patent case to trial, a stay pending resolution of this motion would have little impact on the ultimate case schedule should Nintendo's motion be denied. This minimal impact stands in stark contrast, however, to the potential for substantial waste of judicial and party resources if the case proceeds and Nintendo's motion to dismiss is ultimately granted.

///
///
///
///
///

Lewis Roca Rothgerber LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

DEFENDANTS' MOTION TO STAY DISCOVERY PROCEEDINGS PENDING DETERMINATION ON DISPOSITIVE MOTION

## IV.    CONCLUSION

For the foregoing reasons, Nintendo respectfully requests that the Court stay the discovery proceedings until such time as the Court rules on Nintendo's pending Motion to Dismiss.

Dated:  September 6, 2013                                    Respectfully submitted:


*/s/ W. West Allen*
W. West Allen (Nevada Bar No. 5566)
wallen@lrrlaw.com
LEWIS ROCA ROTHGERBER LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89109
Telephone:  (702) 949-8200
Facsimile:  (702) 949-8398

William F. Lee (*pro hac vice admission pending*)
william.lee@wilmerhale.com
Dominic E. Massa (*pro hac vice admission
   pending*)
dominic.massa@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

James M. Dowd (*pro hac vice admission
   pending*)
james.dowd@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, California 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400

*Attorneys for Defendants*
*Nintendo Co., Ltd., and Nintendo of America Inc.*

1

## **CERTIFICATE OF SERVICE**

2

      I hereby certify that on September 6, 2013, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing on the CM/ECF registrants.

3

4

                            s/       *Judy Estrada*

5

                            An Employee of Lewis Roca Rothgerber LLP

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Lewis Roca Rothgerber LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

DEFENDANTS' MOTION TO STAY DISCOVERY PROCEEDINGS PENDING DETERMINATION ON DISPOSITIVE MOTION