W. WEST ALLEN
Nevada Bar No. 5566
wallen@lrrlaw.com
LEWIS ROCA ROTHGERBER LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89109
Telephone: (702) 949-8200
Facsimile: (702) 949-8398

WILLIAM F. LEE (admitted *pro hac vice*)
william.lee@wilmerhale.com
DOMINIC E. MASSA (admitted *pro hac vice*)
dominic.massa@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

JAMES M. DOWD (admitted *pro hac vice*)
james.dowd@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, California 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400

*Attorneys for Defendants*
Nintendo Co., Ltd., and Nintendo of America Inc.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NXP B.V., | CASE NO. 2:13-cv-00453-MMD-VCF |
|               Plaintiff, | |
| v. | **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY PROCEEDINGS PENDING DETERMINATION ON DISPOSITIVE MOTION** |
| NINTENDO CO., LTD., and NINTENDO OF AMERICA INC., | |
|               Defendants. | |

*(margin text)* 3993 Howard Hughes Parkway Suite 600 Las Vegas, Nevada 89169

LEWIS ROCA ROTHGERBER

I.    INTRODUCTION

NXP B.V.'s ("NXP's") opposition brief (Dkt. No. 46) to the motion to stay discovery proceedings (Dkt. No. 40) filed by Nintendo Co., Ltd. ("NCL") and Nintendo of America Inc. ("NOA") (collectively "Nintendo") demonstrates that the key jurisdictional facts upon which Nintendo bases its motion to dismiss (Dkt. No. 34) are undisputed, and thus discovery is unnecessary to resolve that motion. Specifically, NXP's opposition does not dispute that:

- NXP's asserted patents each purport to claim aspects of a wireless technology called Near Field Communication ("NFC") (*see* Dkt. No. 34 at 3; Dkt. No. 40 at 4-5);

- The Wii U prototype shown at the International Consumer Electronics Show ("CES") in Las Vegas in January 2012 (*see* Dkt. No. 34 at 4, 10; Dkt. No. 40 at 4), contained ***no NFC module*** at all, defeating the first of NXP's two core jurisdictional allegations made on "information and belief" (*see* Dkt. No. 28 (Amended Complaint) at ¶ 4);

- Wii U systems available in the United States at the time of NXP's complaint— including any Wii U systems at unidentified "retail locations" in Las Vegas (*see* Dkt. No. 34 at 11; Dkt. No. 40 at 4)—were ***incapable of NFC***, defeating the second of NXP's two core jurisdictional allegations made on "information and belief" (*see* Dkt. No. 28 at ¶ 6); and

- NXP's complaint failed to allege that Nintendo placed allegedly infringing NFC technology into the stream of commerce because no NFC-enabled Wii U devices had been sold in Nevada as of its filing (*see* Dkt. No. 34 at 11-12; Dkt. No. 40 at 4-5).

These undisputed facts—that NXP's complaint accuses a feature (NFC) that had never been sold or used in Nevada—demonstrate that Nevada lacks specific jurisdiction over NCL or NOA on NXP's patent infringement claims.[1]  *See AFTG-TG, LLC v. Nuvoton Technology Corp.,* 689 F.3d 1358, 1361-62, 1365 (Fed. Cir. 2012).  Because these facts are undisputed, Nintendo's motion to dismiss should be decided without subjecting the parties to burdensome and unnecessary

---

[1]  NXP concedes that general jurisdiction does not exist over Nintendo, arguing solely for specific jurisdiction on a "stream-of-commerce" theory.  (Dkt. No. 46 at 2:19-20.)

LEWIS ROCA
ROTHGERBER

3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

discovery on other issues.[2]  Accordingly, discovery should be stayed pending resolution of Nintendo's motion to dismiss.  *See Rizzolo v. Henry*, C.A. No. 2:12-02043-APG-VCF, 2013 WL 1890665, at *4 (D. Nev. May 3, 2013) (explaining that staying discovery is appropriate where the motion (1) is case dispositive and (2) can be decided without additional discovery).

## II.    ARGUMENT

### A.    Nintendo's Motion To Dismiss Is Case Dispositive

Despite the requirement that the Court must take a "preliminary peek" at the strength of Nintendo's motion to dismiss before deciding Nintendo's motion to stay, *AMC Fabrication, Inc. v. KRD Trucking West, Inc.*, C.A. No. 2:12-cv-00146-LDG-CWH, 2012 WL 4846152, at *2 (D. Nev. Oct. 10, 2012), NXP makes no effort to demonstrate that specific jurisdiction exists over either NCL or NOA in this case.[3]  To the contrary, NXP's opposition is entirely silent on the critical facts that form the basis for Nintendo's motion to dismiss, *i.e.*, that NXP's patents ***require NFC*** and that the accused Wii U devices ***never employed NFC*** in Nevada at the time the complaint was filed.  *See AFTG-TG*, 689 F.3d at 1361 (affirming dismissal).  Faced with an obligation to come forward with any evidence to the contrary, *see Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 12980, 1284 (9th Cir. 1977) ("we may not assume the truth of allegations in a pleading which are contradicted by affidavit"), NXP's silence on these critical facts constitutes a tacit admission that they are true.

Unable to dispute these dispositive facts, NXP instead contends that any distribution of a Wii U system into Nevada—without regard to its lack of NFC capability—is sufficient to convey specific jurisdiction over Nintendo.  (Dkt. No. 46 at 2-3.)  But that is like contending specific jurisdiction exists over Honda on a claim for infringement of a patent to a hybrid drive system

---

[2]  The fact that a Wii U system may have been sold or used in Nevada, or the chain of custody it went through on the way to Nevada, is irrelevant in light of the undisputed fact that any such Wii U systems lacked the accused NFC feature that are the subject of NXP's patent claims.

[3]  NXP misleadingly suggests that the standard under the first prong requires the Court to be "convinced" of the merits of Nintendo's motion.  (Dkt. No. 46 at 1:26-27.)  That is the standard for staying discovery pending a Rule 12(b)(6) motion.  *See Twin City Fire Ins. Co. v. Employers Ins. Of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989).  Here, Nintendo seeks to stay discovery pending a Rule 12(b)(2) motion, which requires no more than a "preliminary peek . . . to assess whether a stay is warranted."  *Rizzolo*, 2013 WL 1890665 at *4.

DEFENDANTS' REPLY I/S/O MOTION TO STAY DISCOVERY
PENDING DETERMINATION ON DISPOSITIVE MOTION

LEWIS ROCA ROTHGERBER

3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

LEWIS ROCA
ROTHGERBER

1   based on the allegation that Honda dealers have sold Civics in Nevada—without ever alleging a

2   single *hybrid* Civic was sold.  To demonstrate specific jurisdiction for its patent infringement

3   claims, NXP must allege a plausible set of facts (based on evidence) that a product ***capable of***

4   ***infringement*** was made, used, sold, offered for sale, or imported into Nevada.  *Grober v. Mako*

5   *Products, Inc.*, 686 F.3d 1335, 1347 (Fed. Cir. 2012) (holding infringement claims must arise out

6   of acts in the forum); *AFTG-TG, LLC*, 689 F.3d at 1360-61 (same); *see also Ashcroft v. Iqbal*, 129

7   S. Ct. 1937, 1949 (2009) (holding "'naked assertion[s]' devoid of 'further factual enhancements'"

8   should be disregarded); *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011) (allegations of

9   personal jurisdiction must be "plausible, non-conclusory, and non-speculative" under *Bell Atl.*

10  *Corp. v. Twombly*, 550 U.S. 544 (2007)).  NXP has failed to do so.  Indeed, NXP identifies no

11  relationship among the accused Wii U systems (that lack NFC capability), NXP's patent

12  infringement claims (that require NFC capability), and the State of Nevada.

13          In attempting to denigrate the strength of Nintendo's motion to dismiss, NXP relies

14  exclusively on *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558 (Fed. Cir. 1994).

15  (*See* Dkt. No. 46 at 2-3.)  But this case supports Nintendo, not NXP.  In *Beverly Hills Fan*, the

16  plaintiff asserted a design patent directed to the ornamental design of a ceiling fan against ceiling

17  fans that were alleged to have copied the plaintiff's patented design.[4]  *Id.* at 1560.  The *Beverly*

18  *Hills Fan* plaintiff, in other words, alleged that the accused product embodied the subject matter of

19  its asserted patent.  *Id.*  This is precisely what NXP's complaint does ***not*** do.  Nor can it, because it

20  is undisputed that:  (1) NXP's patents are directed to NFC; and (2) the accused Wii U systems

21  lacked NFC.

22          NXP suggests that Nintendo's motion to dismiss asks the Court to judge the merits of an

23  infringement theory.  (Dkt. No. 46 at 2-3.)  Not so.  An infringement analysis requires claim

24  construction followed by an element-by-element analysis comparing the construed claim against

25  the accused product.  Resolving Nintendo's motion to dismiss requires no such analysis, however,

26  because NXP's Amended Complaint failed to allege that an accused Wii U system was capable of

---

[4]   Unlike the utility patents NXP asserts in this case, a design patent covers the "ornamental design for an
article of manufacture…."  35 U.S.C. § 171.

practicing NFC (because none did).  Nintendo's motion to dismiss, in other words, asks only that the Court recognize the dispositive legal effect of an undisputed fact:  that the accused feature at issue in this case (NFC) was not sold or used in Nevada at the time NXP filed its complaint.

### B.  Nintendo's Motion To Dismiss Should Be Decided On The Undisputed Facts

Despite generically asserting a need for jurisdictional discovery before responding to Nintendo's motion to dismiss, NXP has not actually identified *a single disputed fact* that is material to Nintendo's motion and would benefit from discovery.  Indeed, as set forth above, none of the material facts are in dispute.  There is no dispute that:  (1) NXP's patent claims require NFC; (2) no Wii U device with NFC functionality was demonstrated at CES; (3) no Wii U system with NFC functionality was available at Nevada retail kiosks; and (4) no Wii U game with NFC functionality had been sold in Nevada.

Instead, NXP seeks discovery on issues that cannot change the core failings identified by Nintendo's jurisdictional motion to dismiss.  (*See, e.g.*, Dkt. No. 42 at 3:18-19 (stating that NXP seeks discovery of whether "Nintendo in fact knew or reasonably could have foreseen that its accused Wii U products would end up in Nevada retail locations"); *id.* at 4:7-11 (website statements about retail locations where Wii U systems can be purchased); *id.* at 4:17-23 (timing of public demonstrations and the procurement of product to be used at such demonstrations); *id.* at 5:9-11 (supposed coordination between NOA and NCL at CES 2012).  Discovery about retail locations, timing of demonstrations, and coordination between the two Nintendo entities cannot answer the question raised by Nintendo's motion to dismiss:  whether Wii U systems that were incapable of practicing NFC can give rise to specific personal jurisdiction on patent claims directed to NFC technology.  No amount of discovery will change the dispositive facts that do answer that question (in the negative) because they are all public and NXP does not dispute them.[5]

Moreover, NXP's opposition ignores the precedent of the Ninth Circuit and this District cited in Nintendo's opening brief that jurisdiction pled "upon information and belief," as NXP

---

[5]  Furthermore, even if the Court were to permit jurisdictional discovery, that would not justify opening *all* discovery.  It should be limited to allowing the parties to take discovery of the specific jurisdictional theories identified by NXP's complaint.

LEWIS ROCA
ROTHGERBER

3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

pleads it here, is "plainly insufficient to allow jurisdictional discovery." *Pfister v. Selling Source, LLC*, 2013 WL 1150014, at *5 (D. Nev. Mar. 20, 2013) (citing *Butcher's Union Local No. 498, United Food & Commercial Workers v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986)); *see also Boshetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008); *Terracom v. Valley Nat. Bank*, 49 F.3d 555, 562 (9th Cir. 1995) ("where a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants, the Court need not permit even limited discovery" (internal quotations and citations omitted)).  As discussed in Nintendo's opening brief, it was incumbent upon NXP to come forward in its opposition brief with evidence showing that "pertinent facts bearing on the question of jurisdiction are controverted" or that "a more satisfactory showing of the facts is necessary." *Data Disc*, 557 F.2d at 1285 n.1; *see also Boschetto*, 539 F.3d at 1020; *Pfister*, 2013 WL 1150014, at *5; *Grasshopper House, LLC v. Accelerated Recovery Centers, LLC*, 2009 WL 3335874, at *3 (D. Or. 2009) ("It is not sufficient for a plaintiff to merely state his belief that discovery will enable them to demonstrate minimum contacts for personal jurisdiction."); *Azco BioTech Inc. v. Qiagen, N.V.*, 2013 WL 4500782, at * 8 (S.D. Cal. 2013) ("The Court will not subject a foreign entity to jurisdictional discovery 'based on little more than a hunch that it might yield jurisdictionally relevant facts.'" (quoting *Boshetto*, 539 F.3d at 1020)); *Cascade Yarns, Inc. v. Knitting Fever, Inc.*, 2011 WL 2470671, at *5 (W.D. Wash. 2011) (same).  NXP's opposition ignores these cases, and the conclusory argument NXP seeks to substitute for well-pled facts fails to satisfy the standard these cases articulate.

### C.     No Prejudice Would Result From The Finite Stay Nintendo Requests

Staying this case pending resolution of Nintendo's motion to dismiss will not cause NXP undue prejudice.  As an initial matter, contrary to NXP's argument, the stay would not be "indefinite."  (Dkt. No. 42 at 1:2, 3:26-4:2.)  Rather, as clearly stated in the very first sentence of Nintendo's opening brief, the stay would last only for so long as it takes to resolve Nintendo's jurisdictional motion to dismiss.  (Dkt. No. 40 at 1:1-5.)  This is precisely the type of stay that courts of this District have repeatedly granted under the circumstances of this case.  *See*, *e.g.*, *Rizzolo*, 2013 WL 1890665, at *4 (granting stay pending decision on Rule 12(b)(6) motion to

DEFENDANTS' REPLY I/S/O MOTION TO STAY DISCOVERY
PENDING DETERMINATION ON DISPOSITIVE MOTION

1  dismiss); *Stellia Ltd. v. BS Card Serv. GmbH.*, C.A. No. 1:12-01099-GMN, 2013 WL 1195709,

2  at *3 (D. Nev. Mar. 22, 2013) (granting stay pending decision on Rule 12(b)(2) motion to

3  dismiss); *AMC*, 2012 WL 4846152, at *2, 4 (same).

4          Further, NXP's recent protests against a stay are undermined by its admission that "we

5  agreed" to a stay.  (Dkt. No. 46-1 at ¶ 3.)  NXP's brief takes a "mistakes were made" approach to

6  trying to explain away its agreement (Dkt. No. 46 at 4), but the fact remains that NXP considered

7  and agreed to Nintendo's proposed stay—demonstrating that no real prejudice would result from

8  granting Nintendo's present motion.  Conversely, forcing Nintendo to defend NXP's claims in a

9  forum that lacks jurisdiction would impose on Nintendo the precise prejudice that the Supreme

10  Court's specific jurisdiction doctrine seeks to avoid.  *See Int'l Shoe Co. v. Washington*, 326 U.S.

11  310, 316 (1945); *Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 109 (1987).

12  NXP's argument that discovery should proceed because discovery is supposedly "jurisdiction

13  neutral" (Dkt. No. 46 at 4:14)  ignores the due process concerns raised by these cases.  This

14  argument is also incorrect because the local patent rules in this District require automatic

15  discovery that does not overlap with other jurisdictions.  This District requires contentions under

16  L.R. 16.1-8, for example, that have no counterpart in the patent local rules of the Northern District

17  of California

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

LEWIS ROCA
ROTHGERBER

3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

## III.       CONCLUSION

Nintendo's pending motion to dismiss is likely to dispose of this case in its entirety.  NXP has failed to identify any fact material to that motion that is in dispute.  Accordingly, discovery in this case should be stayed pending resolution of Nintendo's motion to dismiss.

Dated:  October 3, 2013                          Respectfully submitted:

*/s/ W. West Allen*

W. West Allen (Nevada Bar No. 5566)
wallen@lrrlaw.com
LEWIS ROCA ROTHGERBER LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89109
Telephone:  (702) 949-8200
Facsimile:  (702) 949-8398

William F. Lee (admitted *pro hac vice*)
william.lee@wilmerhale.com
Dominic E. Massa (admitted *pro hac vice*)
dominic.massa@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

James M. Dowd (admitted *pro hac vice*)
james.dowd@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, California 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400

*Attorneys for Defendants*
*Nintendo Co., Ltd., and Nintendo of America Inc.*

1

## CERTIFICATE OF SERVICE

2    I hereby certify that on October 3, 2013, I electronically transmitted the foregoing

3 document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing on the CM/ECF registrants.

4

s/      *Judy Estrada*

5    An Employee of Lewis Roca Rothgerber LLP

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS ROCA
ROTHGERBER

3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

DEFENDANTS' REPLY I/S/O MOTION TO STAY DISCOVERY
PENDING DETERMINATION ON DISPOSITIVE MOTION